## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANELLE R. WEIR,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>UNITED HEALTHCARE SERVICES, INC.; UNITED HEALTHCARE OF THE MIDLANDS, INC.; UNITED HEALTHCARE SPECIALTY BENEFITS, LLC; UMR, INC.; KAWASAKI MOTORS MANUFACTURING CORP., U.S.A.; and KAWASAKI MOTORS MANUFACTURING CORP., U.S.A. GROUP BENEFITS PLAN,<br><br>　　　　　　Defendants. | 8:14CV169<br><br>PROTECTIVE ORDER |

This matter is before the court on the parties' stipulation for a protective order (Filing No. 28). The stipulation is adopted as set forth below.

### ARTICLE 1 - Proceedings and information governed

1. This Order and any amendments or modifications hereto (Protective Order) shall govern any document, information, or other thing furnished by any party, to any other party, and includes non-parties who receive a subpoena in connection with this action. The information protected includes, but is not limited to, pleadings, answers to interrogatories, answers to requests for admission, responses to requests for production, deposition transcripts and videotapes, deposition exhibits, and other writings or things produced, given or filed in this action that are designated by a party as "Confidential Information" in accordance with the terms of this Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

Exhibit A

### ARTICLE 2 - Designation and maintenance of information

2. "Confidential Information" consists of trade secrets or commercial information which is not publicly known or is of technical or commercial advantage to its possessor. It also includes protected health information.

3. Documents and things produced during the course of this litigation within the scope of Paragraph 2 above may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend substantially as follows: "**CONFIDENTIAL**."

4. A party may designate information disclosed at a deposition as Confidential Information by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition. If no such designation is made at the time of the deposition, any party shall have thirty (30) calendar days after the receipt of the deposition transcript to designate, in writing to the other parties and the court reporter, whether the transcript is being designated as Confidential Information. If no such designation is made at the deposition or within such thirty (30) day calendar period (during which period, the transcript shall be treated as Confidential Information, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information. Each party and the court reporter shall attach a copy of any final and timely written designation notice to the transcript and each copy thereof in its possession, custody, or control, and the portions designated in such notice shall thereafter be treated in accordance with this Protective Order.

5. It is the responsibility of counsel for each party to maintain materials containing Confidential Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

### ARTICLE 3 - Inadvertent failure to designate/inadvertent production

6. The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to estop the producing party from designating such

information as confidential at a later date in writing and with particularity. The information shall be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

7. The provisions of Fed. R. Civ. P. 26 relating to the inadvertent disclosure of privileged information shall also apply. Specifically:

   a. Upon receiving notice of inadvertent production, the receiving party shall promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved.

   b. If the parties cannot agree as to the claim of privilege, the producing party shall present the information to the court under seal within 30 days of the notice set forth in subparagraph (a) for a determination of the claim. Nothing herein shall be construed to prevent a receiving party from moving the Court for a resolution, but such motion must be made within the 30-day period.

## ARTICLE 4 - Challenge to designations

8. A receiving party may challenge the producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party shall then have fourteen (14) days after receipt of the challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this fourteen (14) day time frame, and after the meeting and conferring on the issue, the receiving party may at any time thereafter seek a Court order to alter the confidential status of the designated information. Until any dispute under this Paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the information shall

continue to be accorded the confidential treatment required by this Protective Order.

### ARTICLE 5 - Disclosure and use of Confidential Information

9.  In accordance with the parties' Confidentiality Agreement, information designated as Confidential Information may only be used for purposes of preparation, trial, and appeal of this action, and may only be disclosed to those party representatives who require such material, and who are informed of the confidential nature of the Confidential Information and their obligations to keep such information confidential (**see** Exhibit A attached hereto).  Confidential Information may not be used under any circumstances for business purposes.

### ARTICLE 6 - Non-party information

10. The existence of this Protective Order shall be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things, or testimony.  Any such person may designate documents, tangible things, or testimony pursuant to this Protective Order.

### ARTICLE 7 - Filing documents with the Court

11. Confidential Information shall be filed, if at all, under seal, pursuant to applicable Court rules or procedures.

### ARTICLE 8 - No prejudice

12. Producing or receiving Confidential Information, or otherwise complying with the terms of this Protective Order, shall not (a) operate as an admission by any party that any particular Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of  discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced;

(d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

### ARTICLE 9 - Conclusion of litigation

13. Within sixty (60) days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order shall be under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information, and to certify to the producing party such destruction or return. However, outside counsel for any party shall be entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order. Outside counsel may also keep a copy of all confidential information in accordance with its document retention policy.

### ARTICLE 10 - Other proceedings

14. By entering into this Order and limiting disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or parties subject to this Protective Order that may be subject to a motion to disclose another party's information designated Confidential pursuant to this Protective Order shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

### ARTICLE 11 - Remedies

15. It is ordered by the Court that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37 and such other sanctions as may be

available to the Court, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

16. Any party may petition the Court for good cause shown in the event such party desires relief from a term or condition of this Order.

**IT IS SO ORDERED**.

Dated this 21st day of August, 2014.

                                             BY THE COURT:

                                             s/ Thomas D. Thalken
                                             United States Magistrate Judge

# EXHIBIT A - ACKNOWLEDGEMENT

_____ declares that:

I reside at _____, in the city of _____, county of _____, state of _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and believe I understand the terms of the Protective Order dated August 21, 2014, filed in Case No. 8:14CV169, pending in the United States District Court for the District of Nebraska. I agree to comply with and be bound by the provisions of the Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated as "Confidential Information" or obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received any documents in my possession designated as "Confidential Information," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____, 2014            _____
                                                        (Signature)

Exhibit A